# SUPREME COURT.

### THE LAIGHT STREET BAPTIST CHURCH agt. NOE and others.

If a *trustee* withdraws from a religious society, so that it can be said, he no longer belongs to it, he ceases to be a trustee; and the society can elect a qualified person in his place.

*Letters of dismissal,* asked for and obtained by the trustees (members) of a church, are not *conclusive* evidence that they have withdrawn from the *civil constituency* of the church; they are evidence only of a withdrawal from its spiritual communion, or the sacramental ordinances.

But where the trustees of a church take letters of dismissal, and, in addition, manifest a disposition incompatible with their duties to the church,—endeavoring to induce other members to leave it, and actually succeed in organizing

another society, &c., they must be considered as having seceded from the church, and in effect to have abdicated their office as trustees. And an injunction will be granted restraining their action as such trustees.

*New-York Special Term, October,* 1855.

MOTION for a preliminary injunction to restrain the defendants from acting as trustees of the Laight Street Baptist Church, New-York.

E. D. CULVER, *for motion.*
R. H. BOWNE, *opposed.*

CLERKE, Justice. It can scarcely be contended that any person, not belonging to the church, is qualified to act as trustee. The language of the third section of the act of 1813, providing for the incorporation of religious societies, is, I think, clear on this point. As a qualification for electors of officers of the church, it states, in terms, that they must be persons belonging to it; stating, also, that the persons elected must be " discreet persons *of* their church." At the time of their election, then, the trustees must *belong* to the society; not necessarily in spiritual communion with it; but, in truth and in fact, a portion of its temporal constituency. If this is an essential qualification at the time of their appointment, why should it not continue requisite during the whole period for which they were elected. The same reasons apply in the one case, as well as the other. No man can serve two masters any better in the church than in the world. The trustee must continue to have his feelings and interests identified with the society which he assumes to serve; he must have no rival interests to promote; and the time which he has to devote to such purposes, should be given to the society which first selected him. Besides, if one trustee can leave a church to become a member of another, or with the intent of abandoning religious worship altogether, and yet claim that no other can be appointed to exercise the functions of his office, all the trustees can do the same, and the church will be deprived of all means of continuing its opera-

tions.  The recusant trustees can refuse to act for the welfare of the body, and, at the same time, can retard its efforts and. embarrass its action, even to the extent of bringing about its dissolution.  For these reasons, it is clear to my mind that, if a trustee withdraws from a religious society, so that it can be said, he no longer belongs to it, he ceases to be a trustee ; and the society can elect a qualified person in his place.

The question, then, remaining for me to consider, is, Have the defendants ceased to belong to the Laight Street church ? I do not wish to be understood as saying that the letters of dismissal, which they asked for and obtained, are conclusive proof that they withdrew from the civil constituency of the church. This, *in itself*, was no more than a withdrawal from spiritual communion there,—a withdrawal from participation in *its* sacramental ordinances ; or, as I may be permitted to call it, its inner sanctuary.  But, nevertheless, is it not a circumstance, which, taken with other circumstances, tends to show an actual secession from *the society?*  In itself, it would not be sufficient; but, when I find, in addition to this, at this very time, these trustees manifested a disposition incompatible with their duties to the church—that they endeavored to induce others to leave it, and prevailed upon more than one hundred members, in spiritual communion, to do so,—that they actually succeeded in organizing another society, though not yet incorporated, and have, ever since their receiving letters of dismissal, had separate worship on Sunday evenings, and other evenings, in a church in Franklin street ; that the pastor withdrew with them and ceased to officiate in Laight street ; and that they have attempted, in opposition to the will of an overwhelming majority of the society, to close the doors of their place of worship,— I cannot avoid the conclusion that they have seceded from the Laight Street church, and have, in effect, abdicated their office as trustees.  At all events, enough has been shown to make it expedient, under all these circumstances, to grant an injunction until the hearing of the cause on the pleadings and proofs. '

Motion granted ; $10 costs to plaintiffs, to abide the event.